IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02617-CMA-KLM

ERIK S. NELSON and STEVE STEPHENS,
Plaintiffs

v.

STEPHEN E. CSAJAGHY; CONDIT CSAJAGHY, LLC; JAMES E. PENNINGTON; and
THE LAW OFFICES OF JAMES E. PENNINGTON, P.C.,
Defendants

_____

**DEFENDANTS' MOTION TO VACATE
MARCH 26, 2015 SCHEDULING CONFERENCE**

_____

Defendants Stephen E. Csajaghy, Condit Csajaghy, LLC (collectively "Csajaghy),

and James E. Pennington and The Law Offices of James E. Pennington, P.C.

(collectively "Pennington"), by and through their attorneys, move to vacate the March

26, 2015 Scheduling Conference as follows:

**D.C.COLO.LCivR 7.1 Certification**

Pursuant to D.C.COLO.LCivR 7.1(a), conferral with counsel for Plaintiff occurred

on March 18, 2015.  Plaintiffs oppose the relief requested.

**RELEVANT PROCEDURAL POSTURE**

1.    Under the circumstances of this case, participating in and completing a

Scheduling Order puts the cart before the horse.  The Court should vacate the March

26th Scheduling Conference until: (1) the Motions to Dismiss the entire action are

resolved; and (2) until the Courts in the related cases confer to discuss whether the

related cases should be reassigned under D.C.COLO.LCivR 40.1 or transferred under D.C.COLO.LCivR 40.1(c)(4)(A) in accordance with D.C.COLO.LCivR 3.2. Indeed, for the same reasons set forth below, this Court has already vacated the initial scheduling conference set on January 21, 2015.[1] Since then, nothing has changed. Consequently, as set forth below, the March 26th Scheduling Conference should also be vacated and reset.

2. On September 22, 2014, Plaintiffs filed the Complaint alleging nondisclosure of potentially applicable insurance policies in a related case - *Sun River Energy, Inc. v. Erik S. Nelson, Steve Stephens, and Coral Capital Partners, Inc.*, United States District Court for the District of Colorado, Civil Action No. 1:11-cv-00198-MSK-MEH (the "*Sun River* lawsuit"). *See* Complaint, at ¶¶ 6-8, 55-60, 62-68 [#1]. Specifically, Nelson and Stephens allege that Defendants repeatedly misrepresented that there was no insurance that might potentially cover Nelson's and Stephen's counterclaims and failed to disclose that there was insurance that might cover the counterclaims. *See id.* at 55, 62.

3. On October 20, 2014, Defendants filed Motions to Dismiss the entire action [#16 and 17] arguing the Complaint should be dismissed with prejudice because it fails to state a claim upon which relief can be granted: (1) an alleged violation of the Federal Rules of Civil Procedure does not give rise to an independent action; (2) Fed. R. Civ. P. 37 sanctions in the Sun River lawsuit are Nelson's and Stephens' exclusive

---

[1] Defendants' Motion to Stay Discovery [#51] was fully briefed on January 30 and is pending.

remedy; and (3) Nelson's and Stephens' claims are barred based upon principles of *res judicata.*

4.      Briefing on the Motions to Dismiss was completed on December 1, 2014 [#36 and 37].  Defendants have not answered the Complaint.

5.      Also, on December 1, 2014, for the same reasons stated in Defendants' Motions to Dismiss, pursuant to D.C.COLO.LCivR 3.2, Csajaghy filed a Notice of Related Cases ("Notice") [#38].  The Notice further advised on September 12, 2014, Defendants appealed the judgment awarding sanctions against them in the *Sun River* lawsuit to the United States Court of Appeals for the Tenth Circuit, 14-1321, *Sun River Energy, Inc. v. Nelson, et al.*  That appeal is still pending.

**BASES FOR MOTION TO VACATE**

6.      Fed. R. Civ. P. 26(c) permits the Court to "make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense."  Subjecting a party to discovery when a motion to dismiss all claims is pending may subject that party to undue burden or expense, particularly if the motion to dismiss is later granted.  *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4-6 (D. Colo. March 30, 2006) (Attachment A).  Under circumstances similar to this case, the *String Cheese* Court adopted five (5) factors to consider when exercising its discretion whether to vacate a scheduling conference or stay discovery: (1) the interests of the plaintiff in proceeding expeditiously and the potential to prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of non-

3

parties; and (5) the public's interest.  *Id.* at *4.  Like *String Cheese*, in this case, the interests of non-parties and the public are not at issue, so those factors bear no weight.

<u>**There is no prejudice to Plaintiffs' interests**</u>
<u>**in proceeding expeditiously by vacating the scheduling conference**</u>

7.    The only prejudice to Plaintiff is the risk of incurring attorney fees and costs for prosecuting claims in an action that may be dismissed with prejudice in its entirety.  Likewise, the same risk exists for Plaintiff if one, but not all, of Plaintiff's claims are dismissed, that is, incurring costs prosecuting a claim that may be dismissed.  Further, according to the proposed scheduling order, the damages sought in this case are the same damages it was awarded in the *Sun River* lawsuit.  Therefore, unlike *String Cheese*, any scheduling or discovery delay does not significantly impact or prejudice Plaintiff's right to pursue the damages sought because vacating the scheduling conference and staying discovery in this case has no impact on, and does not prevent, Plaintiff from pursuing collection of the *Sun River* lawsuit Judgment it has already obtained.  Consequently, a temporary stay in this matter only benefits Plaintiffs and significantly reduces the prejudice to them of incurring unnecessary attorney fees and costs.

<u>**There is substantial prejudice to Defendants.**</u>

8.    Conducting discovery and further defending this matter before resolution of: (1) the Motions to Dismiss the entire action; and (2) whether the related cases should be reassigned under D.C.COLO.LCivR 40.1 or transferred under D.C.COLO.LCivR 40.1(c)(4)(A) significantly prejudices Defendants by forcing them to incur attorney fees and costs in protracted discovery, including expert discovery, and

4

other litigation, when the entire action may be dismissed.  Such undue burden and expense outweighs any prejudice to Plaintiff, if any.  *See e.g., String Cheese*, at *5 ("[D]efendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss.").  *See also, Drive Sunset Inst. V. High Performance Transp. Enter.*, No. 14-cv-00844-REB-KMT, 2014 U.S. Dist. LEXIS 158723, at *9-10 (D. Colo. November 10, 2014) (Attachment B) ("[A]ny inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial and party resources that would result from allowing discovery to proceed, only to have the case dismissed in its entirety on the grounds raised in the motions to dismiss.")

9.    Under similar circumstances, this Court has vacated scheduling conferences and stayed discovery.  *See e.g, Big Cats of Serenity Springs, Inc. v. Vilsack*, No. 13-cv-03275-REB-KLM, 2014 U.S. Dist. LEXIS 71875, at *2-7 (D. Colo. May 27, 2014) (Attachment C) (granting motion to vacate scheduling conference where, in light of defendants' motion to dismiss, the discovery process should not commence until it is clear which claims, if any, will move forward); *Canfield v. Douglas County*, No. 14-cv-00461-KMT, 2014 U.S. Dist. LEXIS 92447, at *7 (D. Colo. July 8, 2014) (Attachment D) (same); *Bassett v. CDOC Employee*, No. 13-cv-03391-MJW, 2014 U.S. Dist. LEXIS 90336, at *4 (D. Colo. July 2, 2014) (Attachment E) ("neither the court's nor the parties time is well served by being involved in the struggle over the substance of the suit when, as here, a dispositive motion is pending.") (citing *Harris v. U.S.*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010)).

5

Consequently, where a dispositive motion on all claims is pending, courts routinely vacate the scheduling conference and stay discovery until resolution of the dispositive motion.  The same should apply in this case.

<u>**There is convenience to the Court by vacating the scheduling conference.**</u>

10.     Proceeding with litigation without first resolving: (1) the Motions to Dismiss the entire action; and (2) whether the related cases should be reassigned under D.C.COLO.LCivR 40.1 or transferred under D.C.COLO.LCivR 40.1(c)(4)(A) significantly impacts scheduling and results in a significant loss of judicial economy.   *Bassett*, at *4 ("neither the court's nor the parties time is well served by being involved in the struggle over the substance of the suit when, as here, a dispositive motion is pending.").  For example, the proposed scheduling order contemplates, among other things, a statement of each parties' claims and defenses, undisputed facts, a computation of damages, and most importantly, a discovery and case schedule.  *See* Fed. R. Civ. P. 16(b)(3).  A draft scheduling order has been filed by the Plaintiffs.  Immediately, problems become apparent (Attachment F).

11.     As an initial matter, it is impossible to identify all of the Defendants' defenses at this time when none of the Defendants have answered the Complaint. Indeed, it may take several months for the Court to decide Defendants' Motions.  Even assuming Plaintiffs survive the Motions, pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants' responsive pleadings are not due until 14 days after notice of the Court's action.  Not until the responsive pleading is filed are Defendants required to file any counterclaims, cross claims, or third-party actions.

12.    Second, as a practical matter, the parties cannot join additional parties and amend pleadings which do not yet exist.  Pursuant to the Plaintiff's proposed scheduling order, the deadline to amend pleadings and join parties is April 27, 2015. Even if the Court ruled on the Motions today, which it likely will not, the first proposed deadline is already impossible to comply with.

13.    Similar issues arise with all other proposed case deadlines.  Simply stated, these deadlines are far too ambitious given the current procedural posture of this case. Under such circumstances, motions for extension of time may be likely and do not result in judicial economy.  Moreover, Plaintiffs' attempt to propose longer deadlines must fail because if Defendants' Motion to Dismiss is granted, any costs incurred in discovery would be wasteful for all parties and judicial resources.

14.    These procedural scheduling issues will be even more problematic if, pursuant to D.C.COLO.LCivR 3.2, the Court transfers or reassigns this case.  For example, if reassigned to Judge Krieger in *Sun River Energy, Inc. v. Erik S. Nelson, Steve Stephens, and Coral Capital Partners, Inc.*, United States District Court for the District of Colorado, Civil Action No. 1:11-cv-00198-MSK-MEH, the prior judgment has been appealed and prosecution of Nelson's and Stephens' additional claims may be stayed because resolution of the issues on appeal would most likely impact prosecution of Nelson's and Stephens' claims[2].  Likewise, discovery or other dispositive motions in this case may affect the Related Case.  For these reasons, it is in all Parties' interest to vacate and postpone the Scheduling Conference and avoid unnecessary costs and

---

[2] Issues on appeal by Csajaghy and Pennington include the attorney fees awarded against them individually by Judge Krieger.

7

attorney fees and preserve judicial economy.  To proceed otherwise would only result in multiple requests for extensions of time, duplication of effort, and significant discovery and case scheduling conflicts, including pre-trial deadlines and trial.

Defendants Stephen E. Csajaghy, Condit Csajaghy, LLC, James E. Pennington and The Law Offices of James E. Pennington, P.C. respectfully request that the Court vacate the March 26, 2015 Scheduling Conference until: (1) the Motions to Dismiss the entire action are resolved; and (2) the Courts in the related cases confer to discuss whether the related cases should be reassigned under D.C.COLO.LCivR 40.1 or transferred under D.C.COLO.LCivR 40.1(c)(4)(A) in accordance with D.C.COLO.LCivR 3.2, and any further relief the Court deems necessary.

Respectfully submitted this 20th day of March, 2015.

HALL & EVANS, L.L.C.                          Law Offices of James E. Pennington, P.C

By: _s/ Adam B. Wiens_____                  ___By: s/ James E. Pennington_
 John E. Bolmer                                James E. Pennington
 Adam B. Wiens                                 900 Jackson Street, Suite 440
1001 Seventeenth Street, Suite 300   Dallas, Texas 75202-4473
Denver, CO  80202                          jep@jeplawyer.com
Telephone: 303-628-3300
Facsimile: 303-628-3368
bolmerj@hallevans.com
wiensa@hallevans.com

8

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 20th day of March, 2015, I electronically filed the foregoing **DEFENDANTS' MOTION TO VACATE MARCH 26, 2015 SCHEDULING CONFERENCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties via email:

M. Gabriel McFarland
J. Lucas McFarland
Cyd Hunt
Evans & Mcfarland, LLC
910 13th St., Suite 200
Golden, CO 80401
gmcfarland@emlawyers.com
chunt@emlayers.com
*Attorneys for Plaintiffs*

James E. Pennington
Law Offices of James E. Pennington, P.C.
900 Jackson Street, Suite 440
Dallas, Texas 75202-4473
jep@jeplawyer.com
*Attorney for Defendants James E. Pennington and James E. Pennington, P.C.*

*s/ Lesley J. Hayter*
Lesley J. Hayter, Legal Assistant to
Adam B. Wiens

9