IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02617-CMA-KLM

ERIC S. NELSON, and
STEVE STEPHENS,

    Plaintiffs,

v.

STEPHEN E. CSAJAGHY,
CONDIT CSAJAGHY, LLC,
JAMES E. PENNINGTON, and
THE LAW OFFICES OF JAMES E. PENNINGTON, P.C.,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Motion to Vacate Scheduling Conference and Stay Discovery** [#51][1] (the "Motion"). On January 16, 2015, the Court set a deadline for Plaintiffs to file their response pursuant to C.D.COLO.LCivR 7.1(d) and rescheduled the Scheduling Conference to March 26, 2015 at 9:30 a.m. *Minute Order* [#53] at 1. The Court also noted that "Defendants are not authorized to file a reply brief." *Id.* Plaintiffs filed their Response [#55] in accordance with the Court's Minute Order. *See generally Response* [#55]. Accordingly, the Motion is ripe for resolution.

---

[1] "[#51]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Minute Order.

1

## I. The Motion

In the Motion, Defendants argue that the Court should enter a stay "until: (1) the Motions to Dismiss the entire action are resolved; and (2) until the Court[ ] in the related case[ ] confer[s with the District Judge assigned in to this case] to discuss whether the related case[ ] should be reassigned under D.C.COLO.LCivR 40.1 or transferred under D.C.COLO.LCivR 40.1(c)(4)(A) in accordance with D.C.COLO.LCivR 3.2." *Motion* [#51] at 1-2. Defendants further argue that the factors discussed in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), support a stay of discovery in this case. *Motion* [#51] at 3. Specifically, Defendants argue that Plaintiffs will not be prejudiced by a stay, but that Defendants will be. *Id.* at 3-4. Defendants also argue that it will be more efficient for the Court to stay the case while the dispositive motions [##16, 17] are pending. *Id.* at 4. Defendants maintain that "it is impossible to identify all of the Defendants' defenses at this time when none of the Defendants have answered the Complaint" and that "the parties cannot join additional parties and amend pleadings which do not yet exist." *Id.* Defendants aver that holding a scheduling conference and entering a scheduling order "will be even more problematic" if the Court transfers or reassigns the case. *Id.* at 7.

In their Response, Plaintiffs argue that this case is not distinguishable from any other lawsuit in which a dispositive motion is filed. *Response* [#55] at 1. Plaintiffs then describe the "remarkable seven-year history underlying this case." *Id.* Plaintiffs argue that Defendants' Motion is a stall tactic and that Defendants will suffer no prejudice if a scheduling conference is held and discovery proceeds. *Id.* at 4. Plaintiffs explain that they "need resolution" and "have spent the past four years litigating against Sun River and its

2

counsel, the Defendants here." *Id.* at 5. Plaintiffs argue that their "interest in the timely resolution of their claims outweighs the benefit of temporarily conserving resources." *Id.*

## II. Analysis

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay while a dispositive motion is pending. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). The "[C]ourt has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); see also *String Cheese Incident*, 2006 WL 894955, at *2 (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay

may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)). Further, "[a] court has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis v. J.R.'s County Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513 at *1 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL

348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, Plaintiffs offer compelling arguments regarding the history of litigation between them and Defendants and the prejudice they may suffer if a stay is entered. *Response* [#55] at 5.  Therefore, the Court finds that the first *String Cheese Incident* factor weighs against a stay.

With regard to the second factor, it appears Defendants will not be burdened by a stay because they request the stay.  *Motion* [#51] at 1.  Therefore, Court finds that the second *String Cheese Incident* factor weighs in favor of a stay.

With regard to the third factor, the Court agrees that it would be appropriate to enter a stay while the District Judge assigned to the instant case and Chief Judge Krieger confer pursuant to D.C.COLO.LCivR 3.2(d).  However, the judicial officers have already conferred and determined that this case will not be reassigned to Chief Judge Krieger.  Accordingly, Defendants' argument that this case should be stayed until it is clear whether this case should be transferred to Chief Judge Krieger is moot.  In addition, as Plaintiffs note, pendency of dispositive motions is fairly common and Defendants' arguments that they will be prejudiced if the case proceeds with discovery while the dispositive motions are pending does not outweigh the potential prejudice Plaintiffs may suffer.  Further, "[t]he Court has a strong interest in keeping litigation moving to conclusion without unnecessary delay."  *In re CFS-Related Sec. Fraud Litig.*, 256 F.Supp.2d 1227, 1241 (N.D. Okla. 2003).  The Court therefore finds that the third *String Cheese Incident* factor weighs against a stay.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Moving this case forward without unnecessary delay serves this interest. Thus, the fifth *String Cheese Incident* factor weighs against a stay.

Considering the factors, the Court finds that a stay of discovery is not appropriate in this case. Specifically, given the history of the disputes between the parties, a lengthy stay of discovery may unnecessarily prejudice Plaintiffs. Therefore,

IT IS HEREBY **ORDERED** that the Motion [#51] is **DENIED**.

Dated: March 24, 2015                      BY THE COURT:

Kristen L. Mix
United States Magistrate Judge