**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02617-CMA-KLM

ERIK S. NELSON, and
STEVE STEPHENS,

      Plaintiffs,

v.

STEPHEN E. CSAJAGHY,
CONDIT CSAJAGHY, LLC,
JAMES E. PENNINGTON, and
THE LAW OFFICES OF JAMES E. PENNINGTON, P.C.,

      Defendants.

---

**ORDER ADOPTING AND AFFIRMING MAY 28, 2015
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND
DENYING DEFENDANT'S MOTION FOR SANCTIONS**

---

      This matter is before the Court on the May 28, 2015 Recommendation of

Magistrate Judge Mix, to grant in part and deny in part Defendants' Motions to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) (Doc. # 69), as well as Defendant

Pennington's Motion for Sanctions.  (Doc. # 28).   For the reasons discussed below, the

Court adopts and affirms Magistrate Judge Mix's Recommendation, and denies the

Motion for Sanctions.

## I.  BACKGROUND[1]

In a prior lawsuit in this District, Stephen Csajaghy and James Pennington represented Sun River, Energy, Inc. ("the Sun River Lawsuit.")  *See Sun River Energy, Inc. v. Erik S. Nelson, Steve Stephens, and Coral Capital Partners, Inc.*, Civil Action No. 1:11-cv-00198-MSK-MEH.  In the instant action, Plaintiffs Eric Nelson and Steve Stephens allege that Csajaghy and Pennington, as counsel in the Sun River Lawsuit,[2] "repeatedly represented that there was no insurance that might potentially cover [Plaintiff's] counterclaims" relating to Sun River's issuance of securities.   In fact, Sun River had an active insurance policy which might have provided such coverage; however, Stephens and Nelson did not find out about this policy until approximately a year and a half into litigation, after a nonparty happened to provide documents containing evidence that Sun River had such policy.  (Doc. # 1, ¶¶  5, 36, 55.)

In the Sun River Lawsuit, Stephens and Nelson filed three motions for sanctions relating to alleged discovery abuses arising from this nondisclosure.  (*Id.*, ¶ 42.)  After holding a hearing on the motions for sanctions, Magistrate Judge Hegarty concluded that "the evidence . . . did not establish intentional misrepresentation by [Csajaghy and Pennington].  It did establish that neither attorney ever took a serious look at whether there was applicable insurance, and that they learned of the existence of a "["Directors and Officers"] policy and simply believed that, because no directors or officers (or any

---

[1] The factual and procedural background of this matter is set out at length in Magistrate Judge Mix's thorough Recommendation, and the Court incorporates that recitation herein.  As such, this Court provides only a brief overview of the facts and procedural history and will expand on them, when necessary, within the analysis.

[2] Pennington and Csajaghy were not parties to the Sun River Lawsuit; rather, they were the attorneys representing Sun River.

individual at all) was named in the counterclaim, the policy would not be relevant."

(Case no. 11-cv-00198-MSK-MEH, Doc. # 278.)  Additionally, Magistrate Judge Hegarty

recommended that Sun River be sanctioned in part because:

> **[R]egardless of the precise *mens rea* of Plaintiff's general and outside counsel in failing to investigate properly and disclose the existence of insurance, they must be viewed as significantly culpable**, especially when the Defendants' attorney's attempts to bring the failure of disclosure to Plaintiff's counsel's attention did not result in a hard look at the availability of insurance but, rather, brought threats against defense counsel for continuing to seek "nonexistent" insurance information.  Mr. Pennington was Plaintiff's employee during the time of Plaintiff's Rule 26 disclosure obligations, most particularly while the policy was still in effect and notice of a claim could still have been provided to the insurance company (through mid-January 2012).  He knew Plaintiff had two insurance policies, the D&O and the general liability, and decided not to review them for potential relevance.  Although I agree with Mr. Pennington's testimony that it would only make sense for him to access insurance resources if they were available (to pay for cost of defense to the counterclaims), especially when Plaintiff was not even paying Mr. Pennington's salary, let alone his billable hours once he left the company, I cannot help but find that **the lack of inquisition from February 2011 to October 2012 exhibited deliberate indifference to the obligation of providing relevant insurance information under Rule 26.**  Either or both of Mr. Pennington's and Mr. Csajaghy's conduct is relevant in this analysis.

(*Id.* at 9) (emphasis added).  At a final pretrial conference in July of 2013, Chief Judge

Krieger "sustain[ed] in part Sun River's Objections (Doc # 279), adopt[ed] in part [Judge

Hegarty's] Recommendation (Doc.# 278), and grant[ed] in part the Defendants' motion

for sanctions (Doc. # 254) for the reasons stated on the record."  (Case no. 11-cv-

00198-MSK-MEH, 294.)  In October of 2013, Chief Judge Krieger held a bench trial in

the Sun River Lawsuit and awarded monetary sanctions against Pennington and

Csajaghy in the amount of $20,345, for their failure to disclose the possibly relevant

insurance policy.  (Case no. 11-cv-00198-MSK-MEH, Doc. # 367 at 3.)  Final Judgment

was entered against Pennington and Csajaghy in the amount of $20,435.[3]  (Case No.

11-cv-00198-MSK-MEH, Doc. # 338).  Stephens and Nelson indicate that, after they

obtained Final Judgment, they "undertook reasonable efforts to collect," and when those

efforts failed, they initiated this case.  (Doc. # 72 at 2, n.1.)  Specifically, they filed their

Complaint in September of 2014, alleging two claims against Csajaghy, Pennington,

and their respective law firms, relating to the nondisclosure of the insurance policy: (1)

Fraudulent Misrepresentation and (2) Fraudulent or Negligent Nondisclosure.  (Doc. # 1

at 14-15.)

   Defendants Pennington and Csajaghy and their respective law firms filed Motions

to Dismiss (Doc. ## 16, 17.)  These Motions were referred to United States Magistrate

Judge Kristen L. Mix pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  (Doc. # 54.)

On May 28, 2015, Magistrate Judge Mix issued a Recommendation to grant in part and

deny in part Defendants' Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and

12(b)(1) (Doc. # 69).  Specifically, Magistrate Judge Mix recommended that Defendants'

Motions be granted to the extent that the Motions argued that Plaintiffs failed to state a

claim, but denied to the extent they argued that Plaintiffs' claims were barred by the

doctrine of claim preclusion or because the claims were an alleged violation of the

Federal Rules of Civil Procedure.   (Doc. # 69 at 20, 25, 29-31.)

   Thereafter, Plaintiffs filed an objection to Magistrate Judge Mix's

Recommendation, arguing that she erred in determining that Plaintiffs failed to state a

---

[3] Chief Judge Krieger held Pennington and Csajaghy personally responsible for these
sanctions, rather than Sun River.  (Case No. 11-cv-00198-MSK-MEH, Doc. # 337.)  The Final
Judgment has been stayed pursuant to Fed. R. Civ. P. 62(d) while the issue is appealed to the
Tenth Circuit Court of Appeals.  (Case No. 11-cv-00198-MSK-MEH, Doc. ## 367, 370.)

claim for fraudulent representation and negligent misrepresentation.  (Doc. # 72.)

Defendant Pennington and the Law Offices of James E. Pennington, P.C., filed an

Objection, in part, to Magistrate Judge Mix's Recommendation, arguing that the case

should not be dismissed without awarding attorney fees.  (Doc. # 70.)  Defendants

Csajaghy and Condit Csajaghy, LLC also filed an Objection, contending that Magistrate

Judge Mix should have concluded that Plaintiffs **also** failed to state a claim because an

alleged violation of the Federal Rules of Civil Procedure does not give rise to an

independent cause of action.  (Doc. # 71.)  Plaintiffs responded to both of Defendants'

Objections.  (Doc. ## 74, 75.)

## II.  <u>ANALYSIS</u>

### A.  JUDGE MIX'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter,

Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part

of the magistrate judge's [recommended] disposition that has been properly objected

to."  In conducting its review, "[t]he district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions."  *Id.*

Plaintiffs first object to Judge Mix's determination that they failed to state a claim

for fraudulent misrepresentation, contending that Judge Mix applied the wrong legal

standard.  Specifically, Plaintiffs contend that to state such a claim under Colorado law,

a plaintiff need only show that an individual making a false statement **either** knew that

statement was false **or** made the statement with "reckless disregard for its truth or

falsity." (Doc. # 72 at 8.) They argue that they have alleged adequate facts here to meet the latter standard because "[Pennington and Csajaghy] admitted that they did not read the policies. Thus, they could not possibly have known whether there was insurance coverage or not when they represented there were no applicable insurance policies." (*Id.*)

Plaintiffs are correct that a misrepresentation may still be considered fraudulent under Colorado law even if the individual making the misrepresentation did not believe it to be false. *See Forsyth v. Associated Grocers of Colo., Inc.*, 724 P.2d 1360, 1363 (Colo. App. 1986) (noting that a defendant can be liable for fraudulent misrepresentation either if he or she made a statement "knowing it to be false" or if he or she was "aware" that he or she "did not know whether it was true or false"); CO-JI CIV 4th § 19:1 (same). In this case, Plaintiffs' claim would require a substantial, and impermissible leap of logic: the lawyers did not read the policy in full; ergo, they were also aware that it could, possibly, apply. As the Restatement (Second) of Torts § 526 (1977), explains:

> In order that a misrepresentation may be fraudulent it is not necessary that the maker know the matter is not as represented. . . . **It is enough that being conscious that he has neither knowledge nor belief in the existence of the matter he chooses to assert it as a fact.** Indeed, since knowledge implies a firm conviction, a misrepresentation of a fact so made as to assert that the maker knows it, is fraudulent **if he is conscious that he has merely a belief in its existence and recognizes that there is a chance, more or less great, that the fact may not be as it is represented.**

(Emphasis added). To put it in terms of the Restatement, in order to adequately plead a claim, Plaintiffs must allege that Pennington and Csajaghy were **conscious** that they lacked the knowledge to make representations about the insurance policy and did so

anyway; or that Pennington and Csajaghy were **conscious** of the fact that they made representations despite being aware of a real chance, however small, that these representations were false.  Instead, Plaintiffs' Complaint effectively alleges that the opposite occurred: Pennington and Csajaghy genuinely (albeit mistakenly) believed that there was no applicable policy, but were not aware of this mistake (or, more specifically, aware that they could be mistaken) at the time they made the representations. Specifically, the Complaint alleges that "[t]he evidence at the hearing [held before Judge Hegarty] **did not establish intentional misrepresentation by Csajaghy and Pennington**.  It did establish neither attorney ever took a serious look at whether there was applicable insurance, and . . . they learned of the existence of the [Directors & Officers] policy and **simply believed that**, because no directors or officers were named in the counterclaim, **the policy would not be relevant**."  (Doc. # 1 at 10) (emphasis added).  It also alleges that "Pennington . . . **did not consciously apprehend that there was coverage** for securities claims," and "[o]nly upon the filing of Nelson, *et al.*'s motion to compel on October 10, 2012, did Pennington read the policy and, within one or two days, provided it to defense counsel." (*Id.*) (emphasis added).  In summary, Plaintiffs' own Complaint alleges that Pennington and Csajaghy genuinely, if wrongly, "simply believed" that there was no relevant policy and that Defendants had no knowledge that this belief was unfounded or mistaken.  Rather, it took the filing of a Motion to Compel and evidence from a third party for Csajaghy and Pennington to revisit these beliefs, i.e., to read the policy and **realize** that the representations they had been making in the past were incorrect.  As such, Magistrate Judge Mix did not err in

concluding that Plaintiffs failed to allege that Csajaghy and Pennington acted with the

requisite knowledge to state a fraudulent misrepresentation claim.[4]

Plaintiffs also contend that Magistrate Judge Mix erred in concluding that they

failed to state a claim for negligent misrepresentation because they failed to show that

nondisclosure was made in connection with a business transaction, as required by

*Sheffield Services Co. v. Trowbridge*, 211 P.3d 714, 725 (Colo. App. 2009).  Plaintiffs'

objections, however, are merely reiterations of arguments that were properly before

Magistrate Judge Mix when she made the instant Recommendation.  (*See* Doc. # 72 at

13 (quoting the exact language from Plaintiff's Response in Opposition to Defendants'

Motions to Compel)).  Regardless, Plaintiffs concede, as they must, that there is no

Colorado case law in support of their argument.  Nevertheless, they argue that they

should be permitted to pursue "a reasonable extension and modification of existing law."

(*Id.*)  However, Judge Mix thoroughly and properly analyzed why she was not

persuaded that out-of-state authorities cited by Plaintiff support Plaintiffs' claims,

specifically distinguishing each authority and noting that although she was "sympathetic

to Plaintiffs' argument, the facts alleged in the Complaint do not state a cause of action

for negligent misrepresentation under existing Colorado law."  (Doc. # 69 at 30.)  The

Court finds no error in her sound analysis of this issue.

Because the Court has found that Plaintiffs have failed to state a claim for the

above reasons, the Court overrules as moot Defendants Csajaghy and Condit

---

[4] Plaintiffs also point to Judge Hegarty's findings that Defendants "exhibited deliberate indifference."  However, it is important to note that Judge Hegarty was not making this finding in determining whether Plaintiffs had adequately pled the requisite scienter for fraud, but instead, in deciding whether sanctions should be imposed in the prior lawsuit.

Csajaghy, LLC's Objection (Doc. # 71) that Magistrate Judge Mix should have concluded that Plaintiffs **also** failed to state a claim because an alleged violation of the Federal Rules of Civil Procedure does not give rise to an independent cause of action.

Defendant Pennington and the Law Offices of James E. Pennington, P.C. also objected, in part, to Magistrate Judge Mix's Recommendation, arguing that the case should not be dismissed without awarding attorney fees pursuant to Colo. Rev. Stat. 13-17-201.  (Doc. # 70.)   At this juncture, the Court has nothing before it that would support an award of attorney fees to Defendants, either under state law or the Federal Rules of Civil Procedure.  As such, this objection is also overruled.

## B.  DEFENDANT'S MOTION FOR SANCTIONS

Defendant Pennington has also filed a Motion for Sanctions against Plaintiffs and/or their counsel, seeking costs, fees, and expenses as sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.  (Doc. # 28.) Defendant's Motion argues that Plaintiffs and/or their counsel failed to conduct a reasonable investigation into the factual and legal allegations underlying the instant suit, and also that Plaintiffs' claims were barred by claim and/or issue preclusion and that they lacked "any" factual or evidentiary support.  However, in her Recommendation, Judge Mix specifically concluded – after a thorough and correct analysis – that Plaintiffs' claims were **not** barred by claim and/or issue preclusion because Plaintiffs' claims in the instant case were not part of the "same transaction" as those involved in the Sun River Lawsuit.  (Doc. # 69 at 15-20).  Additionally, as the above analysis indicates, although Plaintiffs were ultimately unable to allege facts sufficient to state a claim, their claims

9

were not frivolous.  Moreover, Plaintiffs were making a reasonable, albeit unpersuasive,

argument for extending, modifying, or reversing existing law.   As such, there is no basis

for awarding sanctions under Rule 11.  For these same reasons, sanctions are also

unwarranted under 28 U.S.C. § 1927, which provides that sanctions are appropriate

when an attorney "acts recklessly or with indifference to the law . . . is cavalier or bent

on misleading the court; intentionally acts without a plausible basis; [or] when the entire

course of the proceedings was unwarranted."  *Dominion Video Satellite, Inc. v. Echostar

Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005) (quotations and citations omitted;

alteration in original); *see also Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224-25

(10th Cir. 2006) (noting that § 1927 is designed to "incentiv[ize] attorneys to regularly re-

evaluate the merits of their claims and to avoid prolonging meritless claims . . . .").

Accordingly, Defendant's Motion for Sanctions (Doc. # 28) is denied.

### III.  CONCLUSION

The Court has conducted a *de novo* review of this matter, including reviewing all

relevant pleadings, the Recommendation, and Plaintiffs' and Defendants' Objections

thereto.  Based on this *de novo* review, it is ORDERED that, for the reasons set for in

this order, the May 28, 2015 Recommendation of Magistrate Judge Mix, to grant in part

and deny in part Defendants' Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

and 12(b)(1) (Doc. # 69), is AFFIRMED and ADOPTED as an order of this Court.

Pursuant to the Recommendation, it is

FURTHER ORDERED that Defendants' Motions to Dismiss (Doc. ## 16, 17) are

GRANTED to the extent set forth above.   It is

FURTHER ORDERED that Defendant's Motion for Sanctions  (Doc. # 28) is

DENIED.  It is

FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE.

DATED:  June 30, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge